## SCUDDER vs. WILCOX AND YORK.

A writ of attachment is not, in contemplation of law, to be considered as returned, until the "return day" thereof, notwithstanding its *actual* return before that time.

Though it is the duty of the officer to retain possession of the writ, until the "return day," yet if he return it, not served, sooner, and the plaintiff. within thirty days after the "return day," give notice by advertisement, as prescribed by § 4759, C. L., judgment will not be set aside—all other proceedings being regular—on the ground of such premature return.

*October Term of the Circuit Court for the County of Allegan,* 1869.

In this case a writ of attachment was issued March 31st, 1869, against the defendants as absconding debtors—writ returnable May 4th, 1869.

Certain real estate in Allegan County was attached, and on the 6th day of April, 1869, the sheriff returned the writ to the clerk of said county, who filed the same in his office, in the village of Allegan, with his written return thereon endorsed, showing that no personal service was made by him on either of the defendants.

May 19th, 1869, notice was published of the pendency of said suit, under § 4759, C L., and neither of the defendants appearing in said suit, on the 3d day of August, 1869, the defendant's default was entered; and on the 4th of August, second default entered, and judgment rendered thereon, on reference to the Court to assess the plaintiff's damages.

At the next Term, October, 1869, the defendant's counsel moved to vacate the judgment, on the ground that the Court had no jurisdiction to render it, for the reason that the notice was not published in time. That the thirty days within which

to publish notice, commenced to run from the day the Sheriff returned the writ of attachment into the Clerk,s office, and *not* from the return day mentioned in the writ.

*J. W. Breese,* for Plaintiff.

*Williams & Humphrey,* for Defendants.

BROWN, J. — The notice having been published within thirty days after the *"return day"* mentioned in the writ, the requirements of the statute were complied with.

On the argument, counsel contended that if the " return day," instead of the actual return of the writ, was to govern the time of advertising, then the actual return in this case, was premature, and all subsequent proceedings unauthorized.

There is, doubtless, much force in this suggestion; for, *personal* service should be had if possible, and a substituted service, by advertisement, is only to be resorted to when the person of the debtor cannot be reached by process.

As the writ, in contemplation of law, is not to be considered as returned, until the " return day " thereof, if the defendant should come within the officer's bailiwick, before that time, it would be the duty of such officer to serve his writ; and though he may have actually deposited it with the Clerk, I can see no reason why he might not, in such case, take it again for service. However, the better—if not the only correct—practice, is, for the officer to retain the actual possession of the writ until the return day.

Motion denied.